UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LISA SMITH, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>CEVA LOGISTICS, INC. )<br>    Defendant. ) | Civil Action No. 3:19-cv-913<br>Judge Trauger/Frensley<br>Jury Demand |

## REPORT AND RECOMMENDATION

Pending before the Court is the pro se Plaintiff's "Motion to Remand this Removal Action to State Court" and incorporated supporting Memorandum of Law. Docket No. 10. The Defendant has filed a Response in Opposition. Docket No. 12. Plaintiff has filed a Reply. Docket No. 13. For the reasons stated herein, the undersigned recommends that the Plaintiff's motion be DENIED.

## RELEVANT FACTS

This action was originally filed by the pro se Plaintiff in the Davidson County Circuit Court on September 20, 2019. Docket No. 1-2. The Plaintiff alleges that she sustained personal injuries as a result of a work place incident after being struck by heavy duty industrial cart. *Id.* In her Complaint, Plaintiff seeks recovery of $53,037.72 in medical expenses plus "punitive damages, pain and suffering, future pain and suffering, mental anguish, psychiatric injury, emotional distress, economic loss, lost wagers, future lost earnings, future medical care, loss of consortium, [and] other special and general damages." *Id.* Plaintiff seeks judgment in her favor for compensatory and special damages in an amount of $750,000.00. *Id.*

On October 16, 2019, CEVA Logistics, Inc. ("CEVA") filed a Notice of Removal of this action to the United States District Court for the Middle District of Tennessee based on diversity

of citizenship pursuant to 28 U. S. C. §§ 1332, 1441 and 1446. Docket No. 1. CEVA has subsequently filed its Answer and Business Entity Disclosure Statement (Docket No. 5). The Business Entity Disclosure identifies the Defendant as incorporated in Delaware with a principal place of business in Texas. Docket No. 5.

## ANALYSIS

### 1. Motions to Remand.

Removals of a civil action from federal court are governed by 28 U. S. C. §§ 1441-1454. Any civil action brought in any state court over which the district court have original jurisdiction may be removed by Defendants. 28 U. S. C. § 1441(a). Under the plain language of the statute, a state court action that originally could have been brought in federal court may be removed to federal court. *Caterpillar, Inc. v. Williams*, 482 U. S. 386, 392, 107 S. Ct. 2425, 96 L. Ed 2d 318 (1987). Federal district courts have original jurisdiction over civil actions arising under the constitution, law or treaties of the United States under 28 U. S. C. § 1331. Original jurisdiction in the federal courts exists over civil action between parties of diverse citizenship, where at least $75,000.00 is in controversy exclusive of interest and costs under 28 U. S. C. § 1332. The Defendant invoked diversity of citizenship as grounds for jurisdiction in their removal petition. Docket No. 1.

In general, there must be complete "diversity of citizenship" between the parties for there to be diversity jurisdiction under 28 U. S. C. § 1332. *V & M Star, LP v. Centimark Corp*., 596 F. 3d 354, 355 (6th Cir. 2010). The Notice of Removal establishes that Plaintiff is a citizen of the state of Tennessee and that Defendant is a corporation recognized in the state of Delaware and its principal place of business in Texas. The Notice further established that the amount in controversy exceeds $75,000.00 exclusive of interest and costs. Docket No. 1

2

Case 3:19-cv-00913   Document 15   Filed 01/17/20   Page 2 of 4 PageID #: 80

In her motion, the pro se Plaintiff argues that "the right to remove did not exist." Docket No. 10. Plaintiff argues that the Defendant's "principal place of business- - domicile in Nashville, Tennessee." *Id.* Plaintiff also argues that she has advanced nine different legal theories for the same amount under the $75,000.00 requirement and the Court should look at each claim individually to conclude that no diversity jurisdiction exist based on the amount in controversy. *Id.* Plaintiff's reply reiterates these arguments. Docket No. 13.

As noted above, CEVA has filed a Business Entity Disclosure Statement noting that it is incorporated in Delaware and maintains its principal place of business in Texas. Docket No. 5. While the Plaintiff correctly argues that CEVA has dual citizenship, it lies in Delaware and Texas. As the Defendant notes, the United States Supreme Court has held that a corporation's "principal place of business" refers "to the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 569 U. S. 77, 130 S. Ct. 1181, 1192 (2010). In addition to the Business Entity Disclosure form, the Defendant asserts in its motion that its headquarters and senior officers and executives who control and coordinate the corporation's activities are located in Texas. Docket No. 12. Apart from establishing that CEVA conducts business in the state of Tennessee, Plaintiff has failed to present evidence to support her contention that Defendant's principal place of business is located here. Similarly, Plaintiff has offered no evidence to contradict or dispute Defendant's arguments and contentions regarding its state of incorporation of principal place of business. Therefore, the diversity of citizenship requirements of 28 U. S. C. § 1332 is met.

With respect to the amount of controversy, Plaintiff's Complaint clearly includes an *Ad Damnum* which seeks $750,000.00. Docket No. 1-2. In addition, Plaintiff seeks punitive damages, compensatory damages and lost wages. Based upon the type of damages sought as well as the

3

Plaintiff's *Ad Damnum* for $750,000.00 there is sufficient evidence to conclude that the amount in controversy requirement is met as well.

Based on the foregoing, the undersigned recommends that Plaintiff's motion to remand to state court. (Docket No. 10) be DENIED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn,* 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

                                                                                            _____
                                                                                            **JEFFERY S. FRENSLEY**
                                                                                            **U. S. Magistrate Judge**