# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| LISA SMITH, | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 3:19-cv-00913<br>) Judge Aleta A. Trauger |
| CEVA LOGISTICS U.S. INC., | )<br>) |
| Defendant. | )<br>) |

## MEMORANDUM and ORDER

*Pro se* plaintiff Lisa Smith filed suit in the Circuit Court for the Twentieth Judicial District, Davidson County, Tennessee, against defendant CEVA Logistics U.S. Inc. ("CEVA"). Smith asserts personal injury claims under Tennessee tort law, seeking to recover $53,037.72 in medical expenses, plus punitive damages, pain and suffering, future pain and suffering, mental and emotional distress, lost wages, future lost earnings, future medical care, and loss of consortium. (Compl., Doc. No. 1-2, at 1, 7.) The plaintiffs seeks judgment in her favor and total "compensatory & special damages in an amount of $750,000.00." (*Id.* at 7.)

Upon service of the Complaint, CEVA timely removed the action to federal court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. (Doc. No. 1.) Now before the court is the plaintiff's "Memorandum of Law in Response in Opposition to Motion Report and Recommendation" (Doc. No. 16), which the court construes as objections to the magistrate judge's Report and Recommendation ("R&R"). (Doc. No. 15). The R&R recommends denying the plaintiff's Motion to Remand (Doc. No. 10).

I.     PROCEDURAL BACKGROUND

The plaintiff filed this action in state court on September 26, 2019. After removal, CEVA filed a Business Entity Disclosure Statement and its Answer (Doc. Nos. 5, 6), and the court referred the matter to the magistrate judge to enter a scheduling order for the management of the case and to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B) (Doc. No. 8). The plaintiff filed her Motion to Remand on November 18, 2019, arguing that the defendant is a citizen of Tennessee because it has substantial business operations in this state; she also contends that the defendant has not established that the amount in controversy exceeds $75,000, exclusive of costs and interest, as required by 28 U.S.C. § 1332.

In reviewing the motion, the magistrate judge recognized that, according to the plaintiff's allegations, she is a citizen of the state of Tennessee. The Notice of Removal and the defendant's other filings establish that it is a Delaware corporation with its principal place of business in Houston, Texas and, therefore, that there is complete diversity of citizenship. In light of the language in the Complaint specifically seeking "compensatory & special damages in an amount of $750,000.00" (Doc. No. 1-2, at 7), the magistrate judge determined that "there is sufficient evidence to conclude that the amount in controversy requirement is met as well," for purposes of diversity jurisdiction. (Doc. No. 15, at 4.)

In her objections, the plaintiff challenges both of these findings, but at a very general level. While she continues to insist that the amount in controversy is not met, she offers no coherent argument in support of that claim. Similarly, she continues to insist that diversity of citizenship is lacking but adds little to the points raised in her Motion to Remand. One new argument is based on the plaintiff's submission of documents from the Tennessee Secretary of State's website, which appear to show that CEVA's active status as a corporation registered to do business in the state of Tennessee was revoked effective October 29, 2019 by the Labor and

Workforce Department. (Doc. No. 16, at 6.). The filings, however, simply serve to reconfirm that CEVA is a Delaware corporation with its principal office in Houston, Texas. (*Id.*)

The plaintiff also states that she challenges the authenticity of the defendant's documents. The court understands the plaintiff to mean that she challenges the veracity of the statements in the Business Entity Disclosure Statement and the Notice of Removal, though she does not expressly state as much or offer any basis for this "challenge."

## II. Standard of Review

Within fourteen days after being served with a report and recommendation as to a dispositive matter, as here, any "party may serve and file specific written objections to [a magistrate judge's] proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). The district court must review *de novo* any portion of the report and recommendation "that has been properly objected to." Fed. R. Civ. P. 72(b)(3). In conducting its review, the district court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.* The Sixth Circuit recognizes that "remand motions are dispositive." *Vogel v. U.S. Office Products Co.*, 258 F.3d 509, 517 (6th Cir. 2001).

However, the district court is not required to review—under a *de novo* or any other standard—those aspects of the report and recommendation to which no objection is made. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *Id.* at 151. "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001) (*see also Langley v. DaimlerChrysler Corp.*, 502 F.3d 475, 483 (6th Cir. 2007) (issues raised in a "perfunctory manner, unaccompanied by some effort at developed argumentation," are waived

(quoting *Indeck Energy Servs., Inc. v. Consumers Energy Co.*, 250 F.3d 972, 979 (6th Cir. 2000))). Likewise, "[a] general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Finally, arguments made in an objection to a magistrate judge's report and recommendation that were not first presented to the magistrate for consideration are deemed waived. *Becker v. Clermont Cty. Prosecutor*, 450 F. App'x 438, 439 (6th Cir. 2011); *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000).

Although *pro se* pleadings and filings are held to less stringent standards than those drafted by lawyers, *see, e.g.*, *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), *pro se* litigants are not entirely exempt from the requirements of the Federal Rules of Civil Procedure. *See, e.g.*, *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

### III. Analysis

The court finds that the plaintiff's objections are not sufficiently specific to warrant review. *See Langley*, 502 F.3d at 483; *Cole*, 7 F. App'x at 356; *Howard*, 932 F.2d at 509. The plaintiff's filing amounts to an objection to the entirety of the magistrate judge's findings, but without raising any new arguments or pointing to any specific legal error. The court has nonetheless reviewed the entire record on this matter and concludes that the magistrate judge did not err in recommending that the plaintiff's motion to remand be denied.

First, the plaintiff offers no support for her belief that the amount in controversy is not met. She appears to acknowledge that she seeks recovery of $53,037.72 in medical expenses, plus punitive damages and compensation for pain and suffering in the amount of $696,962.28. (Doc. No. 16, at 2.) Under 28 U.S.C. § 1332(a), this court has original jurisdiction over actions between citizens of different states "where the matter in controversy exceeds the sum or value of

$75,000, exclusive of interest and costs." Regardless of the likelihood of a jury's awarding the amount sought, in deciding whether the amount in controversy is satisfied, the court can consider the types of damages sought, including punitive damages, "unless it is apparent to a legal certainty that such cannot be recovered." *See Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001) (citation omitted). Based on the types of damages sought and the plaintiff's own demand for $750,000, the magistrate judge did not err in concluding that the requisite amount in controversy was met.

Regarding the defendant's citizenship, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The Supreme Court has explained that

> the phrase "principal place of business" refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities. Lower federal courts have often metaphorically called that place the corporation's "nerve center." . . . [T]he "nerve center" will typically be found at a corporation's headquarters.

*Hertz Corp. v. Friend*, 559 U.S. 77, 80–81 (2010) (internal citation omitted).

CEVA has established that it was incorporated in Delaware and that its headquarters and most of its corporate officers are located in Houston, Texas. (*See* Doc. No. 12, at 2.) The plaintiff's submission of business filings from the Tennessee Secretary of State does not rebut the defendant's showing. First, this argument, and the documents on which it is based, should have been presented to the magistrate judge for his consideration. *Becker*, 450 F. App'x at 439. Second, the documents make no difference. The fact that the defendant's "active" status has been revoked does not alter its principal place of business or place of incorporation. To the extent that the plaintiff continues to argue that the defendant is a citizen of Tennessee, the fact that a

business has operations in a state and even a designated agent for service of process in that state does not mean that it is a citizen of that state; the test is whether the corporation's "nerve center" is in a particular state. *Hertz Corp.*, 559 U.S. at 81. The plaintiff has not shown that the defendant is a citizen of Tennessee under § 1332(c).

**IV.     Conclusion and Order**

The plaintiff's construed objections (Doc. No. 15) are **OVERRULED**. The R&R's findings and conclusions are **ACCEPTED and ADOPTED** in their entirety, and the plaintiff's Motion to Remand (Doc. No. 10) is **DENIED**.

This case is returned to the magistrate judge for furthering handling under the original referral order.

It is so **ORDERED**.

ALETA A. TRAUGER
United States District Judge