# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **LISA SMITH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:19-cv-00913** |
| | ) | **Judge Aleta A. Trauger** |
| **CEVA LOGISTICS U.S. INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM

Before the court are various filings (Doc. Nos. 33, 34, 35) by *pro se* plaintiff Lisa Smith that the court construes as objections to the Magistrate Judge's Report and Recommendation ("R&R") (Doc. No. 31). The R&R recommends that the Motion to Dismiss for Failure to State a Claim (Doc. No. 25) filed by defendant CEVA Logistics U.S. Inc. ("CEVA") be granted. For the reasons set forth herein, the court will overrule the construed objections, adopt the R&R, and grant the Motion to Dismiss.

## I.    PROCEDURAL BACKGROUND

The plaintiff filed this action in state court on September 26, 2019. CEVA promptly removed it to federal court on the basis of diversity jurisdiction and, a few days later, filed an Answer (Doc. No. 6) to the Complaint (Doc. No. 1-2). The court referred the matter to the Magistrate Judge to enter a scheduling order for the management of the case and to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B) (Doc. No. 8). After the denial of the plaintiff's Motion to Remand to state court, the defendant filed its Motion to Dismiss and supporting Memorandum of Law (Doc. Nos. 25, 26), asserting that the

Complaint should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure, for failure to state a claim for which relief may be granted.[1] Specifically, the defendant argues that the plaintiff alleges in the Complaint that she "suffered & sustained serious injuries from an on-the-job related accident, during the "course and scope of [her] employment with CEVA" (*see* Doc. No. 1-2 ¶¶ 6, 13), as a result of which it is clear under Tennessee law that the plaintiff's claims are barred in their entirety by Tenn. Code Ann. § 50-6-108(a). Under the referenced statute, if an employee suffers an injury during the course and scope of her employment, she is "limited to recovering workers' compensation benefits from [her] employer." *Stephens v. Home Depot U.S.A., Inc.*, 529 S.W.3d 63, 74 (Tenn. Ct. App. 2016) (citation omitted). The only exception to this rule is "if the employer actually intended to injure [the plaintiff]." *Henry v. CMBB, LLC*, 797 F. App'x 258, 259 (6th Cir. 2020), *cert. denied*, 141 S. Ct. 251 (2020).

The plaintiff filed a Memorandum of Law in opposition to the Motion to Dismiss. (Doc. No. 28.) As the Magistrate Judge noted in reviewing the defendant's motion, the Response is "primarily comprised of a litany of inapposite and conclusory words and phrases that do not actually respond to the issues and arguments raised in Defendant's Motion." (Doc. No. 31, at 2.) However, the Magistrate Judge also recognized that the Response expressly concedes that the plaintiff was injured while she was working under the "managerial direction" of CEVA by another CEVA employee, while that employee was carrying out her job duties, and that the "employee [was] motivated to commit the act for the purpose of benefiting the employer." (*See*

---

[1] The defendant's post-answer Motion to Dismiss is more appropriately deemed a Rule 12(c) motion for judgment on the pleadings. *See Ruppe v. Knox Cty. Bd. of Educ.*, 993 F. Supp. 2d 807, 809 (E.D. Tenn. 2014) ("A motion for judgment on the pleadings under Rule 12(c) may be submitted after the defendants filed an answer." (citation omitted)). However, the only difference between a Rule 12(b)(6) and a Rule 12(c) motion is their timing. *Id.* The same standard of review applies to both. *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007). Thus, the mischaracterization of the motion does not affect its merits.

Doc. No. 128, at 5.) The plaintiff further concedes that the employer did not intend to injure her. (*See id.* ("CEVA Employee acted negligently and the negligent operation of the CEVA-equipment was the Proximate cause of the harms and losses of Plaintiff Smith . . . .").) The Magistrate Judge, therefore, issued the R&R, recommending that the plaintiff's Complaint be dismissed for failure to state a claim, because the claims asserted therein are barred in their entirety by Tenn. Code Ann. § 50-6-108(a). (Doc. No. 31, at 4–5.) The R&R also provided the requisite notice under Rule 72(b) of the Federal Rules of Civil Procedure that any party had fourteen days within which to file "specific" written objections to the R&R. (*Id.* at 6.)

The plaintiff thereafter filed three different documents, each styled as a Memorandum in Opposition to the R&R. (Doc. Nos. 33, 34, 35.) The court construed these filings as objections and, finding that a response would be helpful, directed CEVA to respond to the plaintiff's filings, "treating them as objections" to the R&R. (Doc. No. 36.) The defendant has done so. (Doc. No. 37.)

## II.      STANDARD OF REVIEW

Within fourteen days after being served with a report and recommendation as to a dispositive matter, as here, any "party may serve and file specific written objections to [a magistrate judge's] proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). The district court must review *de novo* any portion of the report and recommendation "that has been properly objected to." Fed. R. Civ. P. 72(b)(3). In conducting its review, the district court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

However, the district court is not required to review—under a *de novo* or any other standard—those aspects of the report and recommendation to which no objection is made. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's

findings and rulings to which no specific objection is filed. *Id.* at 151. "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001) (*see also Langley v. DaimlerChrysler Corp.*, 502 F.3d 475, 483 (6th Cir. 2007) (issues raised in a "perfunctory manner, unaccompanied by some effort at developed argumentation," are waived (quoting *Indeck Energy Servs., Inc. v. Consumers Energy Co.*, 250 F.3d 972, 979 (6th Cir. 2000))). Likewise, "[a] general objection to the entirety" of a magistrate judge's report and recommendation has the same effect as a complete failure to object. *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Finally, arguments made in an objection to a magistrate judge's report and recommendation that were not first presented to the magistrate judge for consideration are deemed waived. *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000).

Although *pro se* pleadings and filings are held to less stringent standards than those drafted by lawyers, *see, e.g.*, *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), *pro se* litigants are not entirely exempt from the requirements of the Federal Rules of Civil Procedure. *See, e.g.*, *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

## III.  DISCUSSION

Despite their bulk, the plaintiff's objections are not sufficiently specific to warrant review. *See Langley*, 502 F.3d at 483; *Howard*, 932 F.2d at 509. The plaintiff's filings touch upon numerous legal concepts that have no bearing on the claims asserted in this case, and they do not address the only relevant issue here: whether the claims asserted in the Complaint are barred by Tenn. Code Ann. § 50-6-108(a). In particular, the plaintiff does not object to the Magistrate Judge's findings that the Complaint alleges that plaintiff was injured during the course and scope of her employment by the defendant (or as a borrowed employee of the

defendant) by another employee who was also on the job and performing duties intended to benefit the employer. She does not address the Magistrate Judge's legal conclusion that the plaintiff's claims are completely preempted by Tennessee's worker's compensation scheme and specifically Tenn. Code Ann. § 50-6-108(a). The Magistrate Judge's conclusion in that regard is not erroneous. *See Henry*, 797 F. App'x at 259 ("If you're injured on the job, then workers' compensation is usually your only remedy. That's the case in Tennessee. But there is an exception: you can sue your employer in tort if the employer actually intended to injure you.").

To the extent the plaintiff is attempting to state new claims in the objections, specifically by referencing "fraud," this attempt is improper. The plaintiff has not sought leave to amend her Complaint, and, in any event, the deadline for doing so has long since expired. (*See* Case Management Order, Doc. No. 24.) Moreover, a fraud claim must be pleaded with specificity, and the plaintiff's vague references to CEVA's "fraud" in having multiple different names and aliases have nothing to do with her claimed injuries. In addition, these new claims were not raised in response to the Motion to Dismiss. "[W]hile the Magistrate Judge Act, 28 U.S.C. § 631 *et seq.*, permits *de novo* review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate." *Murr*, 200 F.3d at 902 n.1. The plaintiff has not identified any compelling reason for failing to raise these new claims or arguments in response to the defendant's Motion to Dismiss.

## IV.    CONCLUSION

For the reasons discussed herein, the court will overrule the plaintiff's construed objections (Doc. Nos. 33, 34, 35), accept and adopt the R&R, in its entirety, and grant the Motion to Dismiss (Doc. No. 25).

An appropriate Order is filed herewith.

ALETA A. TRAUGER
United States District Judge